IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-383-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NOAH LEE ROWSEY, ) | |
| ) | |
| Defendant. ) | |

On May 21, 2020, Noah Lee Rowsey ("Rowsey") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 80]. On May 22, 2020, Rowsey supplemented his motion and explained how he exhausted his administrative remedies [D.E. 81]. As explained below, the court denies Rowsey's motion.

On January 22, 2019, pursuant to a written plea agreement, Rowsey pleaded guilty to attempted Hobbs Act robbery (count one) and possession of a firearm in furtherance of a crime of violence (count two). See [D.E. 42, 47]. On May 21, 2019, the court held Rowsey's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 69, 71, 72]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Rowsey's total offense level to be 17, his criminal history category to be I, and his advisory guideline range to be 24 to 30 months' imprisonment on count one, and 60 months' consecutive imprisonment on count two. See [D.E. 72] 1. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Rowsey to 24 months' imprisonment on count one, and 60 months' consecutive imprisonment to count two, for at total term of 84 months. See [D.E. 71]. Rowsey did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n. 1.[1] Application note 2

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

states that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n. 2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n. 3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Rowsey seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Rowsey relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13.

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

4

See [D.E. 80] 1. Specifically, Rowsey (who is 20 years old) cites the COVID-19 pandemic, the fact that diabetes "runs in [his] family," and his mother's health. See id. at 1–2.

As for the "other reasons" policy statement, the court assumes without deciding that Rowsey's family history of diabetes coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Rowsey's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Rowsey engaged in serious criminal conduct. With his face covered and armed with a .380 handgun, Rowsey entered a gas station with his accomplice intending to rob a store in Fayetteville, North Carolina. See PSR ¶¶ 8–14. When Rowsey pulled his handgun from his pocket, the store clerk fired at Rowsey and his co-conspirator, effectively stopping the robbery. Two of the store clerk's rounds struck Rowsey's accomplice. They escaped, but were soon arrested. After arresting Rowsey, law enforcement officers recovered from Rowsey's car a red bandana (his face covering during the robbery attempt), a digital scale, five rounds of shotgun shells, and handgun ammunition. See PSR [D.E. 55] ¶¶ 8–13. Rowsey's attempted robbery was nothing new. Approximately one month before the attempted Hobbs Act robbery of April 25, 2018, Rowsey forcibly robbed $1,200 in U.S. currency from another individual while possessing and threatening to use a semi-automatic handgun. See id. at ¶ 15. Nonetheless, Rowsey has taken some positive steps while incarcerated, but admits receiving an incident report for misconduct. See [D.E. 80] 1–2. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Rowsey's arguments, and the need to punish Rowsey for his criminal behavior, to incapacitate Rowsey, to promote respect for the law, to deter others, and to protect society, the court declines to grant Rowsey's motion for compassionate release. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at

5

*2 (E.D.N.C. Jan. 13, 2020) (unpublished).

In sum, the court DENIES Rowsey's motion for compassionate release [D.E. 80].

SO ORDERED. This 13 day of August 2020.

*[signature]*
JAMES C. DEVER III
United States District Judge