IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-383-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NOAH LEE ROWSEY, | ) | |
| Defendant. | ) | |

On July 18, 2022, Noah Lee Rowsey ("Rowsey") moved for appointment of counsel [D.E. 88]. Since February 28, 2022, pursuant to 19-SO-3, Rowsey has had counsel to determine whether he may qualify to seek a reduction of sentence [D.E. 86]. On July 21, 2022, Rowsey moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 89]. On August 4, 2022, the government responded in opposition [D.E. 93]. As explained below, the court denies as moot Rowsey's motion for appointment of counsel and denies Rowsey's motion for compassionate release.

I.

On January 22, 2019, pursuant to a written plea agreement, Rowsey pleaded guilty to attempted Hobbs Act robbery (count one) and possession of a firearm in furtherance of a crime of violence (count two). See [D.E. 42, 47]. On May 21, 2019, the court held Rowsey's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 69, 71, 72]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Rowsey's total offense level to be 17, his criminal history category to be I, and his advisory guideline range to be 24 to 30 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See [D.E. 72]

1. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Rowsey to 24 months' imprisonment on count one and 60 months' consecutive imprisonment to count two, for a total term of 84 months. See [D.E. 71]. Rowsey did not appeal.

On May 21, 2020, Rowsey moved to reduce his sentence due to COVID-19, which the court construed as a motion for compassionate release. See [D.E. 80, 81]. On August 13, 2020, the court denied Rowsey's motion. On July 31, 2022, Rowsey again requested compassionate release. See [D.E. 89].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, ___ F.4th ___, ___, No. 21-6733, 2022 WL 17256572, at *3 (4th Cir. Nov. 29, 2022). This

2

requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and

compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Rowsey applied to the warden regarding his first motion for compassionate release. See [D.E. 81] 2. Rowsey, however, never applied to the warden regarding the current motion for compassionate release, which alleges new extraordinary and compelling circumstances. See [D.E. 80–82]; [D.E. 89]. The government raises 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 93] 21–22. Rowsey's initial application to his warden satisfied 18 U.S.C. 3582(c)(1)(A)'s exhaustion requirement. See Ferguson, 2022 WL 17256572, at *3. Therefore, the court addresses Rowsey's latest motion for compassionate release.

Rowsey seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical condition (obesity), and a change in the law. See [D.E. 89] 2–9. As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Rowsey claims that he is obese and argues his medical condition puts him at heightened risk of serious infection from COVID-19. See [D.E. 89] 2–9. Other than the risk from COVID-19, Rowsey does not argue that the BOP is not treating his obesity. See [D.E. 89]. Rowsey has received two

4

doses of the Moderna COVID-19 vaccine and was offered but refused the booster shot. See [D.E. 94] 1–2. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Rowsey from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1;

5

Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Rowsey's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Rowsey's medical condition are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Rowsey's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Rowsey engaged in serious criminal conduct. With his face covered and armed with a .380 handgun, Rowsey entered a gas station with his accomplice intending to rob a store in Fayetteville, North Carolina. See PSR [D.E. 55] ¶¶ 8–14. When Rowsey pulled his handgun from his pocket, the store clerk fired at Rowsey and his co-conspirator, effectively stopping the robbery. Two of the store clerk's rounds struck Rowsey's accomplice. They escaped, but were soon arrested. After arresting Rowsey, law enforcement officers recovered from Rowsey's car a red bandana (his face covering during the robbery attempt), a digital scale, five rounds of shotgun shells, and handgun ammunition. See id. at ¶¶ 8–13. Rowsey's attempted robbery was nothing new. Approximately one month before the attempted Hobbs Act robbery of April 25, 2018, Rowsey forcibly robbed $1,200 in U.S. currency from another individual while possessing and threatening to use a semi-automatic handgun. See id. at ¶ 15.

6

Rowsey has a mixed record while federally incarcerated. He has "earned his GED, completed a number of courses including drug treatment, and is working in the kitchen[.]" [D.E. 89] 7. Rowsey, however, has been sanctioned for two infractions for being absent from an assignment. See [D.E. 93-1] 6; [D.E. 80] 1–2.

Rowsey also argues that because of a change in the law after his sentencing, the court should vacate his conviction and sentence on count two. See [D.E. 89] 3–4. Specifically, Rowsey argues that the United States could not prosecute him today under 18 U.S.C. § 924(c) based on his attempted Hobbs Act robbery because attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). See [D.E. 189] 3–4; United States v. Taylor, 979 F.3d 203, 210 (4th Cir. 2020), aff'd, 142 S. Ct. 2015, 2025–26 (2022). As the government concedes, Rowsey's argument regarding the change in the law on count two is correct. See [D.E. 189] 3–4; [D.E. 93] 23. As the government also notes, however, Rowsey's challenge to his conviction and sentence on count two exceeds the scope of relief that he can obtain under section 3582(c)(1)(A). See [D.E. 93] 23–24. Rowsey must bring such a claim under 28 U.S.C. § 2255. See Ferguson, 2022 WL 17256572, at *3–6; see also United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997); United States v. Ferrell, No. 14-0109, 2022 WL 1127904, at *16 (D. Md. Apr. 15, 2022) (unpublished); Mamalis v. United States, No. 09-06082021, WL 3666461, at *1–2 (D. Md. Aug. 18, 2021) (unpublished). Thus, the court declines to use section 3582(c)(1)(A) to vacate Rowsey's conviction and sentence on count two or to reduce his sentence on count two. See Ferguson, 2022 WL 17256572, at *4–6.[1]

---

[1] With respect to Rowsey's total sentence, the court notes that Rowsey's total sentence of 84 months' imprisonment is below the statutory maximum on count one. See 18 U.S.C. § 1951. Furthermore, even if the court were to vacate Rowsey's conviction and sentence on count two, the court could hold a resentencing hearing and sentence Rowsey to 84 months' imprisonment on count one.

7

The court must balance Rowsey's mixed efforts while federally incarcerated with his serious criminal conduct, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Rowsey's potential exposure to COVID-19, his medical condition, and his rehabilitative efforts. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Rowsey's arguments, the government's persuasive response, the need to punish Rowsey for his serious criminal behavior, to incapacitate Rowsey, to promote respect for the law, to deter others, and to protect society, the court denies Rowsey's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Pepper, 562 U.S. at 480–81; Roane, 51 F.4th at 551–52; Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES AS MOOT defendant's motion to appoint counsel [D.E. 88] and DENIES defendant's motion for compassionate release [D.E. 89].

SO ORDERED. This 6 day of December, 2022.

JAMES C. DEVER III
United States District Judge

8

Case 5:18-cr-00383-D    Document 106    Filed 12/06/22    Page 8 of 8